UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALIE JOSEPHINE CARBAJAL,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security<br><br>Defendant. | No. 2:19-cv-988-EFB<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 13 & 20. Also pending is the court's March 30, 2020 order directing plaintiff to show cause why sanctions should not be imposed for her failure to timely file her motion for summary judgment. ECF No. 12. For the reasons discussed below, the order to show cause is discharged, plaintiff's motion is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

/////

/////

I.      Order to Show Cause

On September 11, 2019, the Commissioner filed the administrative record and an answer to the complaint. ECF Nos. 10 & 11. Pursuant to the court's scheduling order, plaintiff was required to file a motion for summary judgment and/or remand within 45 days of the date the administrative record was served or, in this instance, by October 28, 2019. ECF No. 5 at 2. After she failed to do so, the court ordered her to her to show cause why sanctions should not be imposed for failure to timely file a motion for summary judgment. ECF No. 12. Plaintiff was also ordered to file her motion for summary judgment no later than April 20, 2020. *Id.*

Plaintiff has since filed her motion for summary judgment (ECF No. 13), but she has failed to show cause why sanctions should not be imposed. Nevertheless, given that plaintiff has filed her motion, the order to show cause is discharged without the imposition of sanctions.

II.     Background

Plaintiff filed applications for a period of disability, DIB, and SSI, alleging she had been disabled since January 24, 2015. Administrative Record ("AR") 262-73. Her applications were denied initially and upon reconsideration. *Id.* at 187-91, 195-200. A hearing was subsequently held before administrative law judge ("ALJ") Judith A. Kopec. *Id.* at 94-124. Plaintiff was represented by counsel at the hearing, at which she and a vocational expert ("VA") testified. *Id.* On June 26, 2018, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.[1] *Id.* at 30-42. The ALJ made the following specific

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is

findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.

   * * *

2. The claimant has not engaged in substantial gainful activity since January 24, 2015, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971, *et seq.*).

3. The claimant has the following severe impairments: obesity; osteoarthritis of the knees bilaterally status-post total left knee replacement; aortic dissection; status-post thoracic endovascular aneurysm repair; and rheumatoid arthritis of the hands (20 CFR 404.1520(c) and 416.920(c)).

   * * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

   * * *

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can frequently climb ramps and stairs. The claimant can occasionally stoop, kneel, crouch, and crawl. The claimant can never climb ladders, ropes, and scaffolds. The claimant cannot be exposed to unprotected heights, exposed mechanical parts, or other hazards. The claimant can frequently handle and finger

---

appropriate.
   Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
   Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
   Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

   The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  *Id.*

3

bilaterally.

\* \* \*

6. The claimant is capable of performing past relevant work as a secretary. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

\* \* \*

7. The claimant has not been under a disability, as defined in the Social Security Act, from January 24, 2015, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

*Id.* at 32-41.

The ALJ also conducted an alternative step-five determination and found that, in addition to the secretary position, plaintiff could perform other occupations—administrative clerk, general clerk, and file clerk—with jobs existing in significant numbers in the national economy. *Id*. at 41.

Plaintiff's request for Appeals Council review was denied on April 5, 2019, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 6-11.

III.  Legal Standards

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

1  2001) (citations omitted).  "Where the evidence is susceptible to more than one rational

2  interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

3  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

4  IV.     <u>Analysis</u>

5        Plaintiff's sole argument is that the ALJ erred in relying on the vocational expert's

6  testimony to conclude that she was not disabled.  ECF No. 13 at 4.

7        At the fourth step of the sequential evaluation, the claimant bears the burden of

8  demonstrating that she can no longer perform her past relevant work "either as actually performed

9  or as generally performed in the national economy."  *Carmickle v. Comm'r Soc. Sec. Admin.*, 533

10 F.3d 1155 (9th Cir. 2008).  "Past relevant work" is work that a claimant has "done within the past

11 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to

12 learn to do it."  20 C.F.R. §§ 404.1560(b); 416.960(b).  "Although the burden of proof lies with

13 the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support

14 his conclusion."  *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001).  To make these findings,

15 an ALJ may rely on a vocational expert's "testimony in response to a hypothetical question about

16 whether a person with the physical and mental limitations imposed by the claimant's medical

17 impairment(s) can meet the demands of the claimant's previous work, either as the claimant

18 actually performed it or as generally performed in the national economy."  *Ford v. Saul*, 950 F.3d

19 1141, 1149 (9th Cir. 2020).  However, "for the testimony of a VE to be considered reliable, the

20 hypothetical posed must include 'all of the claimant's functional limitations, both physical and

21 mental' supported by the record."  *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002)

22       At the administrative hearing, four hypotheticals were posed to the VE—three by the ALJ

23 and one by plaintiff's attorney.  AR 119-22.  In response to the first two hypotheticals, the VE

24 testified that the individual with the specified impairments could work as a secretary, as well as

25 other jobs in the national economy.[2]  The ALJ relied on one of these hypotheticals—presumably

26 the second since it most closely resembled her RFC determination—to find plaintiff could work

---

28 [2] In response to the last two hypotheticals, the VE testified that the individual would not be able to work.  AR 119-21.

as a secretary, administrative clerk, general clerk, and file clerk. The problem, however, is that neither hypothetical included all the limitations in plaintiff's RFC, as determined by the ALJ. Significantly, the ALJ concluded that plaintiff was limited to occasionally stooping, kneeling, crouching, and crawling. AR 39. But both the first and the second hypothetical asked the VE to assume an individual that could "*frequently* stoop, kneel, crouch and crawl." AR 119 (emphasis added), 121.[3] Thus, the conclusion that plaintiff could perform her past work as a secretary, as well as other jobs in the national economy, was not based on all the limitations in plaintiff's RFC. Consequently, the ALJ's step-four and alternative step-five findings are not supported by substantial evidence. *Hill v. Astrue*, 698 F.3d 1153, 1161-62 (9th Cir. 2012); *Valentine v. Comm's Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("The hypothetical an ALJ poses to a vocational expert, which derives from the RFC, 'must set out *all* the limitations and restrictions of the particular claimant.'") (emphasis in original).

Accordingly, the matter must be remanded for further consideration. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

V.  Conclusion

For the reasons stated above, it is hereby ORDERED that:

1. The March 30, 2020 order to show cause is discharged, and no sanctions are imposed;

2. Plaintiff's motion for summary judgment is granted;

3. The Commissioner's cross-motion for summary judgment is denied;

/////

---

[3] The first hypothetical asked the VE to assume an individual who can "lift, carry, push or pull 10 pounds frequently, 20 pounds occasionally. Who can sit for six hours. Stand and walk for six hours. Can frequently climb ramps and stairs, ladders, ropes and scaffolds. Who can frequently stoop, kneel, crouch and crawl." AR 19. The second hypothetical included the same limitations but with the following changes: "cannot climb ladders, ropes or scaffolds. Cannot be exposed to unprotected eights, exposed to mechanical parts or other hazards. The individual can frequently bilaterally handle and finger." *Id*. at 121.

4. The matter is remanded for further proceedings consistent with this order; and

5. The Clerk is directed to enter judgment in plaintiff's favor.

DATED: September 17, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE